ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| RIVERSIDE RESORTS, INC.<br><br>RECURRIDOS<br><br>v.<br><br>UNIVERSAL INSURANCE CO. Y OTROS<br><br>PETICIONARIO | KLCE202300914 | Certiorari procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Número: SJ2022CV2754<br><br>Sobre: Daños, incumplimiento de contrato, seguros-incumplimiento aseguradoras huracanes Irma/María |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres y la Jueza Rivera Pérez

Ortiz Flores, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 31 de agosto de 2023.

Comparece la parte peticionaria, Universal Insurance Company (Universal), ante este Tribunal de Apelaciones, mediante un recurso de *certiorari*. Universal recurre de una *Resolución* emitida el 16 de julio de 2022, y notificada el 17 de julio de 2022, por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI),[1] en el caso del título, que dispuso lo siguiente:

> No ha lugar a la *SOLICITUD DE ORDEN BAJO LA REGLA 23.1(c)(3) DE PROCEDIMIENTO CIVIL RESPECTO A HONORARIOS DEL PERITO DE LA PARTE DEMANDANTE*. Universal no ha demostrado que carezca de los medios económicos para sufragar los honorarios solicitados. Se confirman los honorarios del Sr. Mario Muñoz por la cantidad de $3,000.00 por concepto de la deposición que se llevara a cabo al perito anunciado por la parte demandante. Se advierte que la demandada no se queda desprovista [;] los gastos en que incurrirá Universal para obtener deposiciones también son recobrables como costas si el Tribunal estima que fueron necesarios. *Maderas Tratadas v. Sun Alliance, [185 DPR 880]*; *Pereira v. IBEC.*, 95 DPR 28, 78 (1967).

> Se extiende el cierre del descubrimiento de prueba treinta (30) días adicionales, contados a partir de la notificación. No ha lugar la imposición de sanciones a la parte demandada Universal por la interrupción improcedente al descubrimiento de prueba.[2]

---

[1] Apéndice del recurso, pág. 119.
[2] Apéndice del recurso, pág. 120.

Número Identificador
RES2023_____

También se recurre de una *Orden* emitida el 16 de julio de 2022, y notificada el 17 de julio de 2022, por el TPI,[3] que dispuso lo siguiente:

> No ha lugar a solicitud de que se autorice la presentación de la Réplica de Universal a la Oposición de la parte demandante respecto a la Solicitud de orden bajo la Regla 23.1 de Procedimiento Civil. Véase Resolución de Honorarios de perito emitida hoy.[4]

Evaluado el recurso de *certiorari* presentado el 16 de agosto de 2023, así como los documentos adjuntados al mismo, y con el beneficio del escrito titulado *Oposición a expedición de auto de certiorari* presentado el 30 de agosto de 2023 por la parte recurrida, Riverside Resorts, Inc., somos del criterio que no se justifica nuestra intervención.[5]

Asimismo, conforme a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, no vemos que, en el manejo del caso ante el TPI, se haya incurrido en un abuso de discreción o que este haya actuado bajo prejuicio o parcialidad. Tampoco se demostró que, el foro recurrido se haya equivocado en la interpretación o aplicación de una norma procesal y que, intervenir en esta etapa, evitaría un perjuicio sustancial contra la parte peticionaria. Por consiguiente, no se nos persuadió sobre la deseabilidad de intervenir en esta etapa de los procedimientos.[6]

Por lo antes expuesto, este Tribunal **deniega la expedición del auto de *certiorari*.**

**Notifíquese.**

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Rivera Pérez concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[3] Apéndice del recurso, pág. 123.
[4] *Id.*
[5] Véase: Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 52.1; *IG Builders v. BBVAPR*, 185 DPR 307, 338 (2012) que cita a *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011).
[6] *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).